IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CHANG LIM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:15-cv-00551 |
| | ) | |
| SANDY GOETZ, et al., | ) | By: Elizabeth K. Dillon |
| | ) | United States District Judge |
| Defendants. | ) | |
| | ) | |
| | ) | |

**MEMORANDUM OPINION**

Plaintiff Chang Lim, proceeding *pro se*, has filed this action against a number of
defendants. His amended complaint asserts thirteen counts. Of these, only the first two
are federal causes of action, both of which are asserted only against defendant Marcus H.
Long, Jr., a judge on the Circuit Court of Floyd County, Virginia. As discussed below,
the court concludes that it lacks subject-matter jurisdiction to consider the two federal
claims against Judge Long pursuant to the *Rooker-Feldman* doctrine. Because the
amended complaint asserts only federal question jurisdiction, and because the court
concludes that it has no jurisdiction over the federal claims, the court cannot exercise
supplemental jurisdiction over the remaining state law claims. For these reasons, the
court will grant Judge Long's motion to dismiss and dismiss without prejudice the claims
against him; and, because it lacks jurisdiction over the remaining claims, the court will
deny the remaining defendants' motions as moot and dismiss the claims against them
without prejudice.

## I. BACKGROUND

The facts underlying all of the claims in Lim's amended complaint are interrelated. Lim, who resides in Floyd County, owned a house in Dexter, Michigan. He rented the house to defendants Sandy and Brian Goetz. Plaintiff claims that the Goetzes breached their lease and damaged his property to such an extent that he eventually had to sell the property for a "much lower price than expected due to damages." (Dkt. No. 4, Am. Compl. at 8–9.) Lim also retained the Goetzes' security deposit, in the amount of $2,175. (*Id.* at 9.)

The Goetzes filed suit in small claims court in Michigan to recover their security deposit and, ultimately, were successful in obtaining a judgment against Lim. Lim contends that the Michigan court lacked personal jurisdiction over him and that the Goetzes and their counsel repeatedly failed to serve him with court documents or to provide notices of hearings. In an affidavit filed in this case, he submits that the Michigan judgment was "entered in violation of [his] constitutional rights (due process and equal protection) without timely notice or unbeknownst to me and with lack of subject matter jurisdiction." (*Id.* at 41, Lim Aff. ¶ 13.) He also complains that the Gotezes and their Michigan attorneys sued Lim's wife in Michigan "for harassment purposes" despite the fact that his wife had no minimum contacts with Michigan and was not a party to the lease. (*Id.* at 10.)

The Goetzes filed a Notice of Foreign Judgment in the Circuit Court of Floyd County, where Lim resides. To stop the Goetzes from trying to enforce the Michigan judgment, including through wage garnishment proceedings against his wife, Lim filed a "Motion to Set Aside Foreign Judgment" in the same case. In that motion, he alleged that

the Michigan court lacked personal and subject matter jurisdiction, that there was improper and ineffective process of service, and that the Michigan judgment was the result of fraud. The case was assigned to Judge Long, who held a hearing on October 6, 2015.

Here, Lim alleges that, during the hearing, Judge Long "didn't want to consider [Lim's] arguments," "revealed extreme antagonism against Lim," and made statements such as "I don't care whether the information is accurate or not and I just rule," and "I am not bound by any other court's decision." (*Id.* at 12.) Lim also argues that Judge Long's legal rulings were improper. Ultimately, Judge Long ruled against Lim and in favor of the Goetzes, a ruling Lim challenges because it was drafted by the Goetzes' counsel, "fail[ed] to accurately describe the circumstances," and contained no citations to any authority. (*Id.* at 42, Lim Aff. ¶ 15.) Upon the Goetzes' motion, Judge Long also imposed sanctions in the amount of $2,000 against Lim.

Lim's amended complaint asserts two claims against Judge Long, both under 42 U.S.C. § 1983. In Count One, he alleges that Judge Long violated his substantive due process rights. (*Id.* at 14.) In particular, he alleges that the Michigan court did not have proper jurisdiction over him and thus that Judge Long improperly enforced the Michigan judgment. Relatedly, he contends that the sanction against him was improper and that Judge Long's "practice of rendering judicial opinions is highly subjective, arbitrary and manifests conscience shocking . . . in violation of [Lim's] constitutional rights (both procedural and substantive due process)." (*Id.* at 16.)

In Count Two, Lim alleges that Judge Long violated his equal protection rights because Judge Long ignored Lim's arguments and evidence. As part of this claim, Lim

alleges that Judge Long treated him (as an Asian) differently from similarly situated Caucasians and that such difference in treatment was the result of purposeful or intentional discrimination. Lim does not offer any facts in support of this conclusory allegation, though. In a contradictory statement, moreover, he claims that Judge Long treated him poorly because of a "conflict of interest" related to a prior case, although his amended complaint does not specify what that case was or how it created a conflict of interest. (*Id.* at 13.)[1]

Lim's remaining counts (three through thirteen) assert only state law claims against one or more of the remaining defendants, including the Goetzes, the attorneys and law firms who represented the Goetzes in both Michigan and Floyd, and the Michigan real estate company where Mrs. Goetz apparently worked. (*Id.* at 13.) Because the court lacks subject matter jurisdiction over the state law claims, it does not discuss them further.

In his prayer for relief, Lim asks for a declaratory judgment stating that he "is not obligated to make a payment to defendants Sandy Goetz and Brian Goetz as the foreign judgments in Michigan were unconstitutionally obtained." (*Id.* at 24.) He also seeks injunctive relief against Judge Long, asking this court to order Judge Long to "stop exercising arbitrary judicial opinion practice and adhere to due process and equal protection" rights secured by the U.S. Constitution. (*Id.* at 25.) Additionally, Lim seeks damages against the remaining defendants, but not Judge Long. (*Id.*) The court reviewed the pleadings and briefing and notified the parties that it would rule without a hearing. *See* Local Rule 11(b).

---

[1] In his response to Judge Long's motion to dismiss, Lim refers to a 2014 case in which he claims Judge Long "ruled favorably for parties because of his prior relationship with one of the lawyers," and presumably against Lim. (Dkt. No. 15, Pl.'s Resp. in Opp'n to Defs.' Mot. to Dismiss 6).

4

## II. DISCUSSION

Judge Long has filed a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), arguing both that he is entitled to judicial immunity from the claims against him and that the amended complaint fails to state a claim for which relief can be granted. In his reply, Judge Long also contends that the *Rooker-Feldman* doctrine bars this court from considering the federal claims against him, and the court agrees.

### A. Standard of review

As to Judge Long's motion under Rule 12(b)(1), the plaintiff bears the burden of establishing that jurisdiction exists. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). In deciding a Rule 12(b)(1) motion, "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Id.* (quoting *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)). The court must, however, "view[] the alleged facts in the light most favorable to the plaintiff, similar to an evaluation pursuant to Rule 12(b)(6)." *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). Dismissal under Rule 12(b)(1) is proper "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans*, 166 F.3d at 647 (quoting *Richmond, Fredericksburg & Potomac R.R.*, 945 F.2d at 768).

### B. The *Rooker-Feldman* doctrine bars plaintiff's federal claims.

Applying that standard here, the court concludes that Lim's federal claims are barred by the *Rooker-Feldman* doctrine. As the Fourth Circuit has explained, "[t]he *Rooker–Feldman* doctrine holds that lower federal courts generally do not have [subject-

5

matter] jurisdiction to review state-court decisions." *Safety–Kleen, Inc. v. Wyche,* 274 F.3d 846, 857 (4th Cir. 2001) (internal citations and quotation marks omitted). *See also D.C. Ct. of App. v. Feldman,* 460 U.S. 462, 482–86 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415–16 (1923)). Because the doctrine is jurisdictional, any party or the court, on its own, may raise the issue at any time during the litigation. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006); *Am. Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003) (court may raise lack of subject matter jurisdiction sua sponte).

The principle underlying the doctrine is that

> [a] party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights. Thus, if in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered or must take action that would render the judgment ineffectual, *Rooker–Feldman* is implicated. Because federal jurisdiction to review the decisions of state courts is reserved exclusively to the Supreme Court, it is improper for federal district courts to exercise jurisdiction over a case that is the functional equivalent of an appeal from a state court judgment.

*Shooting Point, L.L.C. v. Cumming*, 368 F.3d 379, 383–84 (4th Cir. 2004) (internal citations and quotation marks omitted).

Lim's federal claims against Judge Long fall comfortably within the *Rooker-Feldman* framework: his claims and the relief he seeks are premised on a determination that the Michigan and Virginia state courts' judgments were erroneous or invalid. Put differently, Lim's claims against Judge Long are the "functional equivalent of an appeal from a state court judgment." *Id.* (citation omitted). Thus, this court concludes that it is without jurisdiction to hear those claims. Pursuant to Federal Rule of Civil Procedure

6

12(h)(3), the court must dismiss the action if it determines that it lacks subject matter jurisdiction.

In light of this ruling, it is unnecessary to address Judge Long's claim of judicial immunity, but the court notes that the authority cited by Judge Long supports his claim that he is judicially immune from any claims for damages or prospective injunctive relief.

**C. Because the court lacks subject matter jurisdiction over the federal claims in the amended complaint, it cannot exercise supplemental jurisdiction over the state claims and any remaining motions are moot.**

Most commonly, a federal court has subject-matter jurisdiction over a civil action if it raises a question of federal law, 28 U.S.C. § 1331, or it is between citizens of different states and the amount in controversy exceeds $75,000, *id.* § 1332. Lim has invoked only this court's jurisdiction under § 1331, because his amended complaint raises a question of federal law. (Dkt. No. 4 at 5.) And Lim's own recitations of the parties' respective citizenships make plain that complete diversity jurisdiction does not exist under § 1332, because both Lim and defendants Judge Long and Paullin are all identified as "citizens of the Commonwealth of Virginia." (*Id.* at 5.) *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (noting that § 1332 "require[s] complete diversity between all plaintiffs and all defendants" (citations omitted)).

Accordingly, the only claims over which the court potentially had original jurisdiction are the two federal law claims against Judge Long, both of which the court has concluded are subject to dismissal for lack of jurisdiction. Because the court lacks jurisdiction over the federal claims, "there is no claim to which supplemental jurisdiction can attach." 13 Charles Alan Wright et al., *Federal Practice and Procedure* § 3523 (3d ed. 2008) (collecting cases). *See also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)

(noting that when a court lacks subject matter jurisdiction, it must dismiss the entire amended complaint, but when it grants a Rule 12(b)(6) motion, it has discretion to exercise jurisdiction over remaining state law claims). Accordingly, the court will dismiss the entire amended complaint, and the other defendants' motions are therefore moot.

## III. CONCLUSION

For the foregoing reasons, the court will grant Judge Long's motion to dismiss and dismiss the claims against him for lack of subject matter jurisdiction. Because the court lacks subject matter jurisdiction over the alleged federal claims, the court has no jurisdiction over any of the state law claims. All remaining motions will be denied as moot, and all claims will be dismissed without prejudice.

An appropriate order will follow.

Entered: February 5, 2016.

*Elizabeth K. Dillon*
United States District Judge